**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

**No. 20-1831**

_____

MARIA A. LEMUS-MANCIA,

      Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

      Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: June 17, 2021                        Decided: July 13, 2021

_____

Before DIAZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

John E. Gallagher, Catonsville, Maryland, for Petitioner. Jeffrey Bossert Clark, Acting Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Sabatino F. Leo, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maria A. Lemus-Mancia (Lemus), a native and citizen of Honduras, petitions for review of the order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's denial of her application for protection under the Convention Against Torture (CAT). We deny the petition for review.

To qualify for protection under the CAT, an applicant bears the burden of establishing that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2021). To state a prima facie case for relief, an applicant must show that she will be subject to "severe pain or suffering, whether physical or mental, . . . [that] is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2021); *see Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 971 (4th Cir. 2019). The applicant need not prove the torture would be inflicted on account of a protected ground. *Dankam v. Gonzales*, 495 F.3d 113, 115-16 (4th Cir. 2007). While we review for substantial evidence the relevant factual findings related to the denial of CAT relief, we review de novo the involved legal determinations. *Rodriguez-Arias*, 915 F.3d at 972.

In considering Lemus' challenges to the denial of CAT relief, we have reviewed the administrative record, including the transcript of her merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B); substantial evidence supports the relevant factual findings, *see Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020);

2

and the agency committed no legal error in its adjudication of Lemus' claim, *Rodriguez-Arias*, 915 F.3d at 972. Accordingly, we uphold the denial of protection under the CAT. *In re Lemus-Mancia* (B.I.A. July 7, 2020).

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*